By the Court, Cowen, J.
The consideration of the defen-: dant’s promise lies in the obligations contracted by the other subscribers, and«the transfer to the defendant of an interest in the general concern proportioned to the number of shares subscribed by him. (See 11 Moore, 431.)
The interest of the association was, by the agreement of all,. to be vested in the%seven trustees afterwards to be elected; and the defendant’s promise was to pay them, on a consideration moving from their constituents. The effept was, on the trus-: tees being elected as provided by the articles, to vest every le- ' gal right of the company in them; the right to sue the defendant in their own names inclusive, Had it been left for the law to imply a promise, it would, no doubt, have looked to thp other stock subscribers as the promisees, because the consideration came from them; and, in that case, the action must have been, in the names of the whole. But where the promise is ip terms to pay another, then ex pressum facit cessare taciturn, lío one ever doubted that a promise to pay-A. on a considera* tion moving from B. is a valid promise, and may be enforced in the name of A. ;
A difficulty is made, however, on the promisees being'prospective ; and it is supposed that though, if the trustees had been named, they might have sued, yet no promise can be available in the names of persons thereafter elected. The answer is, that election was a mere mode which all parties agreed upon for designating the promisees. I am dealing with A., and, in consideration of goods sold to me, I give him my stipulation *480 to pay the price to such person as he shall name. He after-wards names the payee, who adopts his act and claims the money. That makes a perfect and binding contract between me. and the person so designated. (Watson’s ex’rs v. McLaren, 19 Wend. 557, 565, 6, and the cases there cited.)
As to joint stock companies like the plaintiffs, no doubt they are partners. The agreement to advance money or other capital to carry on the business is prima facie with all the members, and a suit at law must be brought in their name. But this is many times very inconvenient; and it has been settled for several years, and by a series of cases, that they may, at least as between themselves, agree on a particular person or several persons, as the party in whose name actions may be brought. These are commonly brought on the promise to advance capital; but this is not the only subject in relation to which the parties may so agree. It may be extended even to penalties for the neglect of any partner in the common business. The whole ground was gone over by Lord Ch. J. Best in Radenhurst v. Bates, (11 Moore, 421, 430; 3 Bing. 463, S. C.) The agreement, he says, is, in effect, an undertaking not to object that all who otherwise ought to have been joined in the action, are not joined. The case covers all the ground now litigated, and a good deal more. The members expressly promised each other to pay certain forfeitures, empowering a single member to sue. The present case is clearer. The agreement is so framed as to vest all the legal rights of the company in the plaintiffs. In Phelps v. Lyle, (10 Adolph. & Ellis, 113,) Littledale, J. said, as to third persons dealing with the company, that the latter may authorize certain persons, called directors, to act for them and sue alone upon contracts expressly entered into with them. The case of Townsend v. Goeway, (19 Wend. 424,) also covers, in principle, the whole ground. True, in neither of the cases cited was the promise to pay persons thereafter to be designated; but this objection is, in effect, answered by Stanton v. Wilson, (2 Hill, 153.) It is said that there the company were or were to become a corporation, the machinery of which is known to be framed by statute with a *481 view to simplify the remedy. But the mode in which the promisee is to be designated makes no difference. The foundation of the action was the agreement. It promised to pay a future president of a future corporation, which, in virtue of the general bank law, was to spring into existence on the agreement being executed. Suppose a penalty imposed by a corporate by-law payable to the president of the corporation for the time being. The right of the president afterwards chosen to maintain an action rests in agreement; and in Radenhurst v. Bates, Best, Ch. J. reasoned from this principle in support of the conventional designation of a party plaintiff by an unincorporated company.
The demurrer is not well taken, and there must be judgment for the plaintiffs.
Judgment for the plaintiffs.